

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

---

| | |
|---|---|
| 970 Broad Street, Suite 700<br>Newark, New Jersey 07102 | *general number*: (973) 645-2700<br>*telephone: (973) 645-2829*<br>*fax: (973) 297-2010*<br>*e-mail: jordan.anger@usdoj.gov* |

March 13, 2012

**VIA ECF & HAND DELIVERY**
Hon. Esther Salas
United States District Judge
Martin Luther King, Jr. Courthouse
50 Walnut Street
Newark, New Jersey 07101

Hon. Cathy L. Waldor
United States Magistrate Judge
Martin Luther King, Jr. Courthouse
50 Walnut Street
Newark, New Jersey 07101

   Re: Nationwide Ambulance Services, Inc. v. Kathleen Sebelius, Secretary United
      States Department of Health and Human Services, Highmark Medicare
      Services, Inc. and Safeguard Services, L.L.C.
      Civil Action No. 2:11-cv-5213 (DMC)

Your Honors:

  We represent the United States of America, Safeguard Services, L.L.C. ("Safeguard"), and Highmark Medicare Services, Inc. ("Highmark") in the above-referenced matter and write to clarify the date on which the parties' responses to the complaint are due. An ECF Notice issued today states that Plaintiff Nationwide Ambulance Services, Inc. ("Nationwide") filed a return of service for Highmark, but the Notice incorrectly states that the response to the complaint is due today. Dkt. #9.

  Specifically, Nationwide has brought an action "for relief in the nature of Mandamus [28 U.S.C. § 1361]." Dkt. #1 at 1 ("Cmplt."). In the complaint, Nationwide alleges that both Safeguard and Highmark were "acting as an agent for the Secretary [of HHS]." Id. ¶¶ 6, 7. As Nationwide explains, "[t]his action seeks relief in the nature of mandamus against the Secretary, Highmark and Safeguard to the extent that Highmark and Safeguard are operating as agencies or employees of the United States . . ." Id. ¶ 9. Pursuant to 28 U.S.C. § 1361, mandamus actions are limited "to compel[ling] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The United States, as well as Safeguard and Highmark, believe that neither Safeguard nor Highmark are officers, employees, or agencies of the United States and are improperly named in an mandamus action. Nevertheless, as Nationwide has so alleged that they are and has brought an action against that is - by its very terms - limited to only actions against the United States, therefore, Safeguard and Highmark's responses to the complaint are not due until 60 days after service of process. See F.R.Civ.P. 12(a)(2)-(3).

Accordingly, the Defendants in the above-referenced action will file a response to the complaint within 60 days of completion of proper service of process by Nationwide.

Alternatively, Highmark requests an extension of 14 days with which to respond pursuant to Local Rule 6.1 as this request is made prior to the expiration of time to respond and no previous requests have been made. Highmark of was served on February 21, 2012.

                                                Respectfully submitted,

                                                PAUL J. FISHMAN
                                                United States Attorney

By:   /s/ Jordan M. Anger
        JORDAN M. ANGER
        Assistant United States Attorney

cc:    Jeffrey P. Blumstein, Esq. (via ECF only)